IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY L. HARRIS,<br>CH'S SERVICE PROVIDER AND<br>CHILDREN, COREY HARRIS, JR. and<br>BROOKLYNN HARRIS and ANGEL<br>HARRIS,<br><div align=center>Plaintiffs,</div><br><div align=center>vs.</div><br><br>GREAT ERIE COMMUNITY ACTION<br>COMMITTEE and (GECAC)<br>EMPLOYMENT TRAINING AND<br>EDUCATION DIVISION WORKFORCE<br>2001 and PENNSYLVANIA CAREER<br>LINK WORKFORCE and ERIE COUNTY<br>ECONOMIC DEVELOPMENT and<br>PLANNING, ERIE COUNTY<br>ASSISTANCE OFFICE and S.P. BLACK<br>& ASSOCIATES,<br><div align=center>Defendants</div> | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. 04-281E<br><br><br>JUDGE SEAN J. MCLAUGHLIN/<br>MAGISTRATE JUDGE SUSAN PARADISE<br>BAXTER<br><br>ELECTRONICALLY FILED PLEADING<br><br>BRIEF IN SUPPORT OF MOTION TO<br>DISMISS FILED ON BEHALF OF<br>PENNSYLVANIA CAREER LINK<br>WORKFORCE<br><br>Filed on behalf of:  Pennsylvania Career Link<br>Workforce<br><br>Counsel of record for this party:<br>Tracey D. Bowes, Esq.<br>Knox McLaughlin Gornall<br>& Sennett, P.C.<br>120 West 10th Street<br>Erie, PA 16501<br>Telephone (814) 459-2800<br>Facsimile (814) 453-4530<br>Email tbowes@kmgslaw.com<br>PA86476 |

**BRIEF IN SUPPORT OF MOTION TO DISMISS FILED ON BEHALF OF**
**PENNSYLVANIA CAREER LINK WORKFORCE**

## I.      INTRODUCTION

Plaintiff, "Corey L. Harris, CH's Service Provider and Children, Corey Harris, Jr. and

Brooklynn Harris and Angel Harris," (hereinafter "Mr. Harris") filed a complaint alleging that he

did not receive grants that he deserved and seeking, *inter alia*, grant money and the ability to run

a program that he calls "CH's Service Provider."  Mr. Harris' complaint fails to state a claim

against Pennsylvania Career Link Workforce ("Career Link")[1] because the complaint fails to allege that Career Link is an entity amenable to suit.  In fact, there is no such entity.  Further, Mr. Harris does not provide notice as to which sections of the many acts that he lists have been violated, where these acts may be found, or what occurred that allegedly violates these acts. Moreover, the listed acts (to the extent that they are identifiable) apply only to employment relations, and Mr. Harris does not allege that he is or was an employee of Career Link.  Finally, to the extent that Mr. Harris is alleging violations of any civil rights, he has failed to identify those rights and has failed to allege that Career Link is a state actor.  For these reasons, Mr. Harris' complaint against Career Link must be dismissed.

## II.    PENNSYLVANIA CAREER LINK WORKFORCE

"Pennsylvania Career Link Workforce" is not a legal entity that is subject to suit (nor is "Team Pa. Careerlink").  Rather, it is a concept endorsed by Pennsylvania that promotes a cooperative effort to provide assistance and career services to job seekers, employers and other interested individuals.  The Erie offering of careerlink is provided and managed by GECAC. Career Link itself is not a corporation or other legal entity of any form; it is merely a program.

## III.    FAILURE TO STATE A CLAIM

Mr. Harris' complaint fails to state a claim.  Mr. Harris vaguely alleges violations of the Fair Labor Standards Act, Labor Management Relations, Labor Management Reporting and Disclosure Act and "other Civil Rights".  See Complaint, ¶ 1.  Specifically as to Career Link, Mr. Harris claims that the Fair Labor Act and the "Fair Assistant Act/150% Poverty Level" were violated.  See Complaint, ¶6.  Elsewhere in the complaint, Mr. Harris claims violations of the

---

[1] In a recent motion, Mr. Harris seems to indicate a wish to amend the name of this defendant from "Pennsylvania Career Link Workforce" to "Team Pa. Careerlink."  This change does not alter the arguments made herein or in the Motion to Dismiss.

"Corporation Act" and the "Unfair Welfare Act."  <u>See</u> Complaint, ¶8.  The only two factual

allegations made against Career Link is that "GECAC Transportation Services has been working

with Career Link, The Erie County Assistance Office and local employers to plan this service on

the grounds of getting funding for operation, vehicles and employees" and that Career Link was

"conspiring to keep the program within the poverty level."  <u>See</u> Complaint, ¶8, 11.

Looking to the acts that Mr. Harris claims were violated, it appears that no act entitled the

"Fair Assistant Act/150% Poverty Level" exists.  The same is true with respect to the

"Corporation Act" and the "Unfair Welfare Act".  Without a more specific reference as to the act

that is claimed to have been violated, this defendant is unable to accurately respond to these

claims.

Mr. Harris fails to state a claim with regard to the Fair Labor Standards Act, Labor

Management Relations and the Labor Management Reporting and Disclosure Act for two

distinct reasons.  First, Mr. Harris does not direct this defendant to the specific sections of these

lengthy acts that were allegedly violated and the facts as alleged likewise provide no insight or

basis for a claim.  Therefore, the complaint fails to support any claim against this defendant.

Moreover, all of the above acts refer to the responsibilities and liabilities of an *employer*

toward an *employee*.  The Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., applies only to

interstate-foreign commerce employees.  <u>See</u>, <u>e.g.</u>, <u>Dickenson v. United States</u>, 353 F.2d 389 (9th

Cir. 1966).  The Labor Management Relations Act's purpose is "to protect the right of employees

to self-organization  and to the selection of representatives of their own choosing for collective

bargaining."  <u>See</u>, 29 U.S.C. § 141, *et seq*.; <u>National Labor Relations Board v. Fansteel</u>

<u>Metallurgical Corp.</u>, 306 U.S. 240, 255, 59 S.Ct. 490 (1939).  Finally, the "underlying purpose of

the [Labor-Management Reporting and Disclosure Act is to] require fair and open dealings

between a union and all its members."  Howard v. United Assoc. of Journeymen and Apprentices of Plumbing and Pipe Fitting Industry, 560 F.2d 17, 22 (1st Cir. 1977).  See also 29 U.S.C. § 401, et seq.  Here, it is not alleged that the Mr. Harris is or was an employee of Career Link.  Hence, these acts cannot apply.

Finally, Mr. Harris has not adequately stated a claim for any civil rights violations.  First, it has not been alleged that Career Link is a state actor; nor can it be alleged because Career Link is not a legal entity.  Hence, there can be no violation of civil rights by this defendant. Moreover, and to the extent that Mr. Harris is alleging a conspiracy with state actors, he has failed to state a claim because he has provided no facts whatsoever that would tend to establish that any conspiracy ever existed or that any defendant involved in the conspiracy is a state actor. Allegations of conspiracy must be pled with specificity in order to establish a relationship that could make Career Link liable as a state actor.  See, e.g., Rauser v. Glazier, 1994 WL 418988, at *2 (E.D. Pa. 1994) ("Allegations must be particularly specific where conspiracy is alleged so that purely private action may not be converted into state action").

Additionally, Mr. Harris does not provide any notice as to what civil rights he claims may have been violated or how Career Link may have violated those unnamed rights.

## IV.    CONCLUSION

Mr. Harris may not bring suit against Pennsylvania Career Link Workforce because there is no such entity.  Moreover, he has failed to state a claim against Pennsylvania Career Link Workforce because Mr. Harris has not provided sufficient notice to this defendant for it to defend itself and this defendant cannot be liable under the acts specified by Mr. Harris because

- 5 -

Pennsylvania Career Link Workforce does not employ and has never employed Mr. Harris.

Other than mentioning "civil rights," Mr. Harris provides no notice of what civil rights have been

violated or in what way.  Therefore, Mr. Harris' complaint as to Pennsylvania Career Link

Workforce must be dismissed.

Respectfully submitted,

KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.


By:__s/ Tracey D. Bowes_____
        Richard A. Lanzillo
        Tracey D. Bowes
        120 West Tenth Street
        Erie, PA  16501-1461
        (814) 459-2800
        Attorneys for defendant,
        Pennsylvania Career Link Workforce

# 596949

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

COREY L. HARRIS,                              )
                                              )
            Plaintiff,                        )
                                              )
    vs.                                       )
                                              )
GREAT ERIE COMMUNITY ACTION,     )   C.A. 04-281E
et al,                                        )
                                              )
            Defendants                        )


## CERTIFICATE OF SERVICE

        The undersigned hereby certifies that on the 25th day of August, 2005, a copy of

the within document was served on all counsel of record and unrepresented parties in accordance

with the applicable rules of court.


                                    s/  Tracey D. Bowes
                                        Tracey D. Bowes

# 596949

- 6 -