IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY L. HARRIS, et al | ) | CA 04-281 ERIE |
|     Plaintiffs | ) | |
| | ) | |
|       v. | ) | JUDGE SEAN J. McLAUGHLIN/ |
| | ) | MAGISTRATE JUDGE SUSAN |
| GREATER ERIE COMMUNITY ACTION | ) | PARADISE BAXTER |
| COMMITTEE, et al., | ) | |
|     Defendants | ) | Electronically Filed |

**BRIEF IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

Defendant S.P. Black & Associates, by its attorneys, MacDonald, Illig, Jones & Britton

LLP, files this Brief in Support of Motion to Dismiss Plaintiff's Amended Complaint, pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure.

I.      Question Presented

> WHETHER PLAINTIFF'S AMENDED COMPLAINT FAILS TO
> STATE A CLAIM AGAINST DEFENDANT S.P. BLACK &
> ASSOCIATES AND THUS SHOULD BE DISMISSED AS TO
> THAT DEFENDANT?

II.      Statement of the Case

*Pro se* plaintiff Corey L. Harris filed a Complaint against defendant S.P. Black &

Associates and others on December 22, 2004.  Subsequently, he filed a Motion to Amend

PDF created with pdfFactory trial version www.pdffactory.com

Complaint, which this Court granted on July 28, 2005.[1]   In Paragraph 5 of his original

Complaint, plaintiff alleges that:

> Defendant (S.P. Black & Associates), using 9/11/01 as an excuse, made
> it impossible for Plaintiff's transportation service, CH Services Provider,
> to operate 24/7 to and from work transportation to accommodate
> accessible and affordable transportation to the inner city community.

While plaintiff does not allege what it was that defendant S.P. Black & Associates did to

preclude him from operating his business, it is believed that the gist of plaintiff's claim relates to

a premium quote for commercial automobile insurance that defendant S.P. Black & Associates

provided to plaintiff on or about January 21, 2002.  (A copy of said quote, which appears as

Exhibit 11 to plaintiff's Petition to Amend Complaint, is attached to defendant's Motion to

Dismiss Plaintiff's Amended Complaint as Exhibit A).  Although plaintiff implies that the quote

was unreasonably high, nowhere in his Amended Complaint does he allege that defendant S.P.

Black & Associates discriminated against him on any basis in providing the quote.  Nor does he

allege that S.P. Black & Associates precluded him from seeking coverage from another agency.

Defendant S.P. Black & Associates now moves to dismiss plaintiff's Amended Complaint

on the grounds that it fails to state a cause of action upon which relief can be granted.

III.     Standard of Review

The applicable standard of review for a motion to dismiss brought pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure "requires the court to accept as true all

allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view

them in a light most favorable to the non-moving party." *Rocks v. City of Philadelphia*, 868 F.2d

---

[1] For purposes of this Motion, it is assumed that plaintiff intended to incorporate the allegations of his initial
Complaint into his Amended Complaint.

PDF created with pdfFactory trial version www.pdffactory.com

644, 645 (3d Cir. 1989). While the court must accept as true all factual allegations in the complaint, it "need not accept as true 'unsupported conclusions and unwarranted inferences.'" *Doug v. Grant Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000) (quoting *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 n. 13 (3d Cir. 1998)). The question before the court is whether the plaintiff has alleged sufficient facts, that if proven, support a claim that would entitle the plaintiff to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

IV.    <u>Argument</u>

> PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST DEFENDANT S.P. BLACK & ASSOCIATES AND THUS SHOULD BE DISMISSED AS TO THAT DEFENDANT.

Plaintiff claims that defendant S.P. Black & Associates effectively precluded him from operating his transportation business by providing him an unreasonably high quote on commercial automobile insurance coverage. Plaintiff, however, does not allege that defendant S.P. Black & Associates discriminated against him on any basis or that it precluded him from seeking insurance coverage through another agency. The only statutes and/or legal theories that plaintiff cites in support of his claim are the "Corporation Act" and the "Poverty Level Act", neither of which exist. Because plaintiff's factual allegations, even if true, fail to support a claim that would entitle him to relief, his Amended Complaint should be dismissed as to defendant S.P. Black & Associates pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

-3-

PDF created with pdfFactory trial version www.pdffactory.com

-4-

V.     Conclusion

Plaintiff's Amended Complaint should be dismissed as to defendant S.P. Black &

Associates because it fails to state a claim upon which relief can be granted.

Respectfully submitted,

<table>
<tr><td>

CERTIFICATE OF SERVICE

I hereby certify that a copy of this document
was served upon all other parties appearing
of record by First-Class United States Mail
sent on <u>September 7, 2005.</u>

s/ Matthew W. Fuchs

</td></tr>
</table>

s/ Matthew W. Fuchs
Matthew W. Fuchs
PA I.D. 89767
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
Phone (814) 870-7612
Fax (814) 454-4647
mfuchs@mijb.com

Attorneys for Defendant
 S.P. Black & Associates

907217/12291.0009

-4-

PDF created with pdfFactory trial version www.pdffactory.com