IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY L. HARRIS, et al | ) | CA 04-281 ERIE |
|     Plaintiffs | ) | |
| | ) | |
|     v. | ) | JUDGE SEAN J. McLAUGHLIN/ |
| | ) | MAGISTRATE JUDGE SUSAN |
| GREATER ERIE COMMUNITY ACTION | ) | PARADISE BAXTER |
| COMMITTEE, et al., | ) | |
|     Defendants | ) | Electronically Filed |

## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant Greater Erie Community Action Committee ("GECAC"), by its attorneys, MacDonald, Illig, Jones & Britton LLP, files this Motion to Dismiss Plaintiff Corey Harris' Amended Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure:

1.    *Pro se* plaintiff Corey L. Harris filed a Complaint against defendant GECAC and others on December 22, 2004.

2.    Defendant GECAC is a private, non-profit corporation and is not a department of any local, state or federal government.  *See* Exhibit A, Affidavit of Ronald A. Steele.

3.    Subsequently, plaintiff filed a Motion to Amend Complaint, which this Court granted on July 28, 2005.

4.    The gist of plaintiff's Amended Complaint is that GECAC, in the course of assisting plaintiff in applying for state and federal grants to operate a transportation business for low-income workers, misappropriated plaintiff's trade secrets and created a similar transportation service.

5. Plaintiff alleges that in 2000, after presenting his idea for the transportation business to defendants Erie County Assistance Office and Pennsylvania Career Link Workforce, he met with representatives of GECAC, who assisted him in applying for grants for the purchase of several vehicles. (Amended Complaint, ¶¶ 6, 8).

6. Plaintiff complains that GECAC, in the process of preparing the grant applications, learned information regarding plaintiff's business, which it used to create its own transportation service and secure its own grants. (Amended Complaint, ¶¶ 8, 10).

7. Plaintiff does not identify what specific information GECAC acquired. Rather, his Amended Complaint makes only general references to a "90 mile radius service area" and "low rates". (Amended Complaint, ¶¶ 8, 9, 10).

8. Plaintiff claims that the reason he sought help from GECAC is that he suffered from a learning disability. (Amended Complaint, ¶ 8).

9. Nowhere in his Amended Complaint does plaintiff allege that GECAC refused to assist him in applying for the grants on the basis of his learning disability.

10. Plaintiff asserts in his Amended Complaint that GECAC violated his civil rights.

11. Because plaintiff has failed to allege that he was derived of a constitutionally protected right or that defendant GECAC is a state actor, his Amended Complaint fails to state a cause of action upon which relief can be granted under the Civil Rights Acts, 42 U.S.C. §§ 1981, 1983, 1985(3).

12. Plaintiff further asserts that defendant GECAC committed violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* and the Rehabilitation Act, 29 U.S.C. § 701, *et seq.* (Amended Complaint, ¶ 16).

PDF created with pdfFactory trial version www.pdffactory.com

13. Because plaintiff fails to allege that GECAC discriminated against him on the basis of his learning disability or any other disability, his Amended Complaint fails to state a cause of action upon which relief can be granted under either the ADA or the Rehabilitation Act.

14. Finally, plaintiff asserts that defendant GECAC is liable for trade secret misappropriation.

15. A cause of action for trade secret misappropriation arises solely from state law.

16. Thus, should this Court dismiss plaintiff's civil rights claims, pursuant to 28 U.S.C. § 1367(c), it may decline to exercise supplemental jurisdiction over plaintiff's trade secret claim.

17. In addition, plaintiff has failed to allege sufficient facts to demonstrate that the information he allegedly disclosed to GECAC is subject to protection as a trade secret.

18. Plaintiff concedes in his Amended Complaint that he disclosed the information to GECAC not only for the purpose of obtaining assistance in applying for grants but also for the purpose of servicing GECAC's transportation needs. (Amended Complaint, ¶ 8A).

19. Plaintiff further concedes that he previously disclosed the information to defendants Erie County Assistance Office and Pennsylvania Career Link Workforce. (Amended Complaint, ¶ 6).

20. Because plaintiff disclosed the information in the course of marketing his transportation services to defendant GECAC and not pursuant to a confidential relationship, the information is not subject to protection as a trade secret. *See National Risk Management, Inc. v. Bramwell*, 819 F.Supp. 417, 430 (E.D.Pa. 1993).

21. Plaintiff alleges that defendant GECAC violated numerous other statutes, including the Fair Labor Standards Act, the Labor Management Relations Act, the Labor

PDF created with pdfFactory trial version www.pdffactory.com

Management Reporting and Disclosure Act, the "Fair Assistant Act/150% Poverty Level", the "Corporation Act" and the "Unfair Welfare Act".  These statutes, however, either do not exist or deal exclusively with employer-employee relations.  Because Mr. Harris does not allege in his Amended Complaint that he ever was an employee of GECAC, his claims are completely without merit and should be dismissed.

22. For all of the foregoing reasons, plaintiff's Amended Complaint fails to state a cause of action upon which relief can be granted.

WHEREFORE, defendant GECAC respectfully requests that this Honorable Court dismiss plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served upon all other parties appearing of record by First-Class United States Mail sent on September 7, 2005.

s/ Matthew W. Fuchs

s/ Matthew W. Fuchs
Matthew W. Fuchs
PA I.D. 89767
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
Phone (814) 870-7612
Fax (814) 454-4647
mfuchs@mijb.com

Attorneys for Defendant
 GECAC

907017/12291.0009

PDF created with pdfFactory trial version www.pdffactory.com