IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY L. HARRIS, et al | ) | CA 04-281 ERIE |
|    Plaintiffs | ) | |
| | ) | |
| v. | ) | JUDGE SEAN J. McLAUGHLIN/ |
| | ) | MAGISTRATE JUDGE SUSAN |
| GREATER ERIE COMMUNITY ACTION COMMITTEE, et al., | ) ) | PARADISE BAXTER |
|    Defendants | ) | Electronically Filed |

**BRIEF IN SUPPORT OF MOTION TO DISMISS**
**<u>PLAINTIFF'S AMENDED COMPLAINT</u>**

Defendant Greater Erie Community Action Committee ("GECAC"), by its attorneys, MacDonald Illig Jones & Britton LLP, files this Brief in Support of Motion to Dismiss Plaintiff's Amended Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

I.   <u>Questions Presented</u>

   A.   WHETHER PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO PLEAD SUFFICIENT FACTS TO SUPPORT A CLAIM THAT DEFENDANT GECAC VIOLATED HIS CIVIL RIGHTS?

   B.   WHETHER PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO PLEAD SUFFICIENT FACTS TO SUPPORT A CLAIM THAT DEFENDANT GECAC MISAPPROPRIATED PLAINTIFF'S TRADE SECRETS?

PDF created with pdfFactory trial version www.pdffactory.com

II.     Statement of the Case

*Pro se* plaintiff Corey L. Harris filed a Complaint against defendant GECAC and others on December 22, 2004. Subsequently, he filed a Motion to Amend Complaint, which this Court granted on July 28, 2005.[1] The gist of plaintiff's Amended Complaint is that GECAC, in the course of assisting plaintiff in applying for state and federal grants to operate a transportation business for low-income workers, misappropriated plaintiff's trade secrets and created a similar transportation service. Specifically, plaintiff alleges that in 2000, after presenting his idea for the transportation business to defendants Erie County Assistance Office and Pennsylvania Career Link Workforce, he met with representatives of GECAC, who assisted him in applying for grants for the purchase of several vehicles. (Amended Complaint, ¶¶ 6, 8). Plaintiff complains that GECAC, in the process of preparing the grant applications, learned information regarding plaintiff's business, which it used to create its own transportation service and secure its own grants.[2] (Amended Complaint, ¶¶ 8, 10). Plaintiff, however, fails to identify what specific information GECAC is alleged to have acquired. Rather, his Amended Complaint makes only general references to a "90 mile radius service area" and "low rates". (Amended Complaint, ¶¶ 8, 9, 10).

Plaintiff further claims that the reason he sought help from GECAC is that he suffered from a learning disability. (Amended Complaint, ¶ 8). Nowhere in his Amended Complaint does plaintiff allege that GECAC refused to assist him in applying for the grants on the basis of his learning disability.

---

[1] For purposes of this Motion, it is assumed that plaintiff intended to incorporate the allegations of his initial Complaint into his Amended Complaint.

[2] Contrary to the allegation in plaintiff's Amended Complaint, which must be accepted as true for purposes of this Motion only, defendant GECAC has provided transportation services since 1965.

PDF created with pdfFactory trial version www.pdffactory.com

Plaintiff asserts in his Amended Complaint that GECAC violated his civil rights and misappropriated his trade secrets.[3] Because the factual allegations contained in plaintiff's Amended Complaint fail to state a claim upon which relief can be granted, the Amended Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

III.   Standard of Review

The applicable standard of review for a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure "requires the court to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in a light most favorable to the non-moving party." *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989). While the court must accept as true all factual allegations in the complaint, it "need not accept as true 'unsupported conclusions and unwarranted inferences.'" *Doug v. Grant Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000) (quoting *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 n. 13 (3d Cir. 1998)). The question before the court is whether the plaintiff has alleged sufficient facts, that if proven, support a claim that would entitle the plaintiff to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In addition, Rule 12(b) gives a district court "complete discretion to determine whether or not to accept any material beyond the pleadings that are offered in conjunction with a 12(b)(6) motion." 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1366 (1966).

---

[3] Plaintiff alleges that defendant GECAC violated numerous other statutes, including the Fair Labor Standards Act, the Labor Management Relations Act, the Labor Management Reporting and Disclosure Act, the "Fair Assistant Act/150% Poverty Level", the "Corporation Act" and the "Unfair Welfare Act". These statutes, however, either do not exist or deal exclusively with employer-employee relations. Because Mr. Harris does not allege in his Amended Complaint that he ever was an employee of GECAC, his claims are completely without merit and should be dismissed.

-3-

PDF created with pdfFactory trial version www.pdffactory.com

IV. <u>Argument</u>

    A.  PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO PLEAD SUFFICIENT FACTS TO SUPPORT A CLAIM THAT DEFENDANT GECAC VIOLATED HIS CIVIL RIGHTS.

Plaintiff Harris states in the first paragraph of his original Complaint that the "Complaint [is] filed on the grounds of Civil Rights Violations." (Complaint, ¶ 1). Nowhere in his original Complaint does plaintiff identify what facts support his claim that his civil rights were violated. Nor does he identify the statute(s) under which he seeks to recover. In his Amended Complaint, plaintiff alleges that GECAC violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. and the Rehabilitation Act, 29 U.S.C. § 701, *et seq*. While not clear from his Amended Complaint, it is believed that plaintiff alleges that GECAC either discriminated against him or failed to accommodate him on the basis of his learning disability. Nowhere in either his original Complaint or Amended Complaint does plaintiff identify what conduct on the part of GECAC constitutes a violation of the ADA and/or the Rehabilitation Act.

In *District Council 47, American Federation of State v. Bradley*, 795 F.2d 310 (3d Cir. 1986), the Court of Appeals for the Third Circuit established a higher threshold of factual specificity for civil rights complaints. The court held that "a civil rights complaint that relies on vague and conclusory allegations does not provide fair notice [to the defendant] and will not survive a motion to dismiss. *Id*. at 313. To comply with this standard, a plaintiff must allege in the complaint "specific conduct violating the plaintiff's civil rights, the time and place of that

PDF created with pdfFactory trial version www.pdffactory.com

conduct and the identity of the responsible [party]." *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3d Cir. 1988).

In the instant case, plaintiff has failed to allege in either his original Complaint or Amended Complaint the specific conduct on the part of GECAC that violated his civil rights or the time and place of such conduct. For this reason alone, plaintiff's civil rights claims should be dismissed. *See District Council 47* and *Colburn*. However, should this Court deem it appropriate to relax the pleading requirements applicable to civil rights complaints given plaintiff's current situation, plaintiff's claims should still be dismissed because plaintiff has failed to plead sufficient facts to establish a cause of action under any of the potentially applicable civil rights statutes.

        1.      <u>Plaintiff's Amended Complaint Fails to State a Cause of Action Under the Civil Rights Acts, 42 U.S.C. §§ 1981, 1983 and 1985.</u>

Although plaintiff makes no express reference to the Civil Rights Acts in his Amended Complaint, his allegation that GECAC violated his civil rights makes it necessary to address the application of sections 1981, 1983 and 1985. For the reasons discussed below, plaintiff has failed to plead sufficient facts to support a claim under any of these sections.

First, § 1981 grants to all persons equal rights under the law.[4] It is well established that intentional racial discrimination is a necessary element of a § 1981 claim. *Hood v. New Jersey*

---

[4] 42 U.S.C. § 1981 provides in pertinent part:

    **(a) Statement of equal rights**

        All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make an enforce contracts, to sue, be parties, give evidence, and to full and equal benefit of the laws and proceedings

-5-

PDF created with pdfFactory trial version www.pdffactory.com

*Dept. of Civil Service*, 680 F.2d 955, 959 (3d Cir. 1982); *Bronze Shields, Inc. v. New Jersey Department of Civil Service*, 667 F.2d 1074, 1086 (3d Cir. 1981); *Davis v. United States Steel Corp.*, 544 F.Supp. 253, 255 (E.D.Pa. 1982). "'A *pro se* litigant in a § 1981 claim must allege at least some facts which demonstrate that his race was the reason for the [d]efendant's actions.'" *Walker v. Comay*, 640 F.Supp. 195, 197 (W.D.Pa. 1986) (quoting *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982)).

In the instant case, plaintiff has alleged no facts that support a claim that defendant GECAC intentionally discriminated against him on the basis of his race. In deed, nowhere in his Amended Complaint does plaintiff identify his race or any discriminatory conduct on the part of defendant GECAC. Absent any allegation that GECAC's conduct was racially motivated, plaintiff's Amended Complaint fails to state a cause of action upon which relief can be granted under § 1981.

Plaintiff's Amended Complaint also fails to state a cause of action under § 1983.[5] § 1983 provides a party with a civil remedy for conduct committed under color of state law that deprives the party of a right or privilege protected by the Constitution. *Adickes v. Kress*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). In order to state a cause of action under § 1983, a party must allege (1) that he or she was deprived of a federal right and (2) that the deprivation was caused

---

for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishments, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

[5] 42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereto to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

-6-

PDF created with pdfFactory trial version www.pdffactory.com

by a person or persons acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923-24, 64 L.Ed.2d 572 (1980).

Here, plaintiff complains that GECAC deprived him of his right to conduct business. Amended Complaint, ¶ 10. Because the right to conduct business is not a constitutionally protected right, *see Powell v. Township of Lower Moreland*, 1992 WL 187000 at *3 (E.D.Pa. 1992), plaintiff has failed to plead sufficient facts to establish the first element of a § 1983 claim--the deprivation of a federal right.[6]

Plaintiff has also failed to establish that defendant GECAC was acting under color of state law. In cases brought under § 1983, the "under color of state law" requirement has been held to require the same showing of state action as required by the Fourteenth Amendment. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928-32, 102 S.Ct. 2744, 2749-51, 73 L.Ed.2d 482 (1982); *United States v. Price*, 383 U.S. 787, 794 n. 7, 86 S.Ct. 1152, 1157 n. 7, 16 L.Ed.2d 267 (1966). The ultimate issue in a § 1983 case is whether the alleged infringement of rights is "fairly attributable to the state." *Rendel-Baker v. Kohn*, 457 U.S. 830, 838, 102 S.Ct. 2764, 2770, 73 L.Ed.2d 418 (1982) (citing *Lugar*, 102 S.Ct. at 2754). The Third Circuit has stated the test to be applied in determining whether a defendant's actions demonstrate sufficient state involvement to implicate § 1983 as follows:

> "[W]hether there is a sufficiently close nexus between the state and the challenged action . . . so that the [defendant's action] may be fairly treated as that of the State itself[,]" *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, [95 S.Ct. 449, 42 L.Ed.2d 477] (1974), or whether the "State has so far insinuated itself into a position of interdependence with [the defendant] that it must be recognized as a joint participant in the challenged activity." *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 725 [81 S.Ct. 856, 861, 6 L.Ed.2d 45] (1961).

*Hollenbaugh v. Carnegie Free Library*, 545 F.2d 382, 383 (3d Cir. 1976).

---

[6] A copy of the *Powell* decision is attached hereto for the convenience of the Court.

PDF created with pdfFactory trial version www.pdffactory.com

This Court addressed the application of § 1983 to a private, non-profit corporation in *Faulk v. Ludwig*, 732 F.Supp. 591 (W.D.Pa. 1990). The plaintiff in *Faulk* brought a § 1983 claim against a state-funded mental health center, alleging that one of its employees deprived her of her civil rights by inducing her to have intercourse with him as part of her therapy. The mental health center moved to dismiss the plaintiff's complaint on the grounds that any misconduct on its part could not be considered state action for purposes of a civil rights claim. In support of its motion, the mental health center submitted the affidavit of its executive director, who testified (1) that the center was a private, non-profit corporation; (2) that it was not a department of any local, state or federal government; and (3) that all decisions relating to the operation of the center are made by the corporation's board of directors. *Faulk*, 732 F.Supp. at 593-94.

Based on this information, the court granted the motion and dismissed the plaintiff's complaint. It held that the plaintiff had failed to allege any facts that demonstrated that the Commonwealth was involved in the specific activity that caused the plaintiff's injury. *Faulk*, 732 F.Supp. at 596. In doing so, the court rejected the plaintiff's argument that the mental health center qualified as a state actor merely because it received public funding. It stated, "[C]onsiderable public funding and extensive regulation by the State is insufficient to turn the conduct of private parties into state action." *Faulk*, 732 F.Supp. at 597 (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982)).

The United States District Court for the District of Delaware reached a similar conclusion in *Thompson v. Community Action of Greater Wilmington, Inc.*, 567 F.Supp. 1159 (D. Del. 1983). The plaintiff in *Thompson* brought an action against a community action agency under § 1983, claiming that the agency fired him in retaliation for his complaining to the media of the

PDF created with pdfFactory trial version www.pdffactory.com

agency's financial problems. The agency was organized as a non-profit corporation, the purpose of which was to fulfill the goals of the Economic Opportunity Act, 42 U.S.C. §§ 2781-2837 (now repealed)--"to promote and foster the creation of community action agencies that would coordinate federal, state and private efforts to eliminate poverty through localized programs." *Thompson*, 567 F.Supp. at 1161. In dismissing the plaintiff's complaint, the court held that the plaintiff had failed to allege any facts that showed state and/or federal involvement in the community action agency other than general regulation and funding. *Thompson*, 567 F.Supp. at 1163-1167. While not binding on this Court, the *Thompson* decision provides an example of how at least one federal court has declined to treat organizations that are substantially similar to defendant GECAC as state actors for purposes of a § 1983 claim.

In the instant case, as in *Faulk* and *Thompson*, defendant GECAC is a private, non-profit corporation. *See* Exhibit A, Affidavit of Ronald A. Steele, ¶ 4. Its mission "is to provide a local organization for the establishment and operation of facilities and services directed toward the elimination of poverty or causes of poverty in the Greater Erie Area." Exhibit A, Affidavit of Ronald A. Steele, ¶ 5. Although it receives public funding, GECAC is not a department of any local, state or federal government. *See* Exhibit A, Affidavit of Robert A. Steele, ¶ 6. Moreover, all decisions related to GECAC's operation are made by an independent board of directors. *See* Exhibit A, Affidavit of Ronald A. Steele, ¶ 7. Plaintiff has alleged absolutely no facts that demonstrate that the state and/or federal government was involved in the activity that caused his alleged harm. For all of these reasons, plaintiff cannot establish the second element of his § 1983 claim--that defendant GECAC acted under color of state law.

Having failed to allege that he was deprived of a constitutionally protected right and/or that defendant GECAC acted under color of state law, plaintiff has failed to state a cause of

PDF created with pdfFactory trial version www.pdffactory.com

action upon which relief can be granted under § 1983. Accordingly, the civil rights portion of plaintiff's Amended Complaint should be dismissed.

Finally, plaintiff has failed to state a cause of action under § 1985. § 1985 prohibits a conspiracy formed "for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the laws, or of the equal privileges and immunities under the laws. . . ." 42 U.S.C. § 1985(3). To state a cause of action for private conspiracy under § 1985(3), a plaintiff must allege (1) a conspiracy by the defendants; (2) designed to deprive the plaintiff of the equal protection of the laws; (3) the commission of an overt act in furtherance of that conspiracy; (4) a resultant injury to person or property or a deprivation of a right or privilege of citizens; and (5) that defendants' actions were motivated by a racial or otherwise class-based invidiously discriminatory animus. *Welch v. Board of Directors of Wildwood Golf Club*, 877 F.Supp. 955, 958 (W.D.Pa. 1995) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971)).

In the instant case, plaintiff Harris has alleged no facts that demonstrate that defendant GECAC's actions were motivated by a class-based invidiously discriminatory animus. Although plaintiff alleges that he suffers from a learning disability, nowhere in his Amended Complaint does he allege that GECAC denied him assistance in applying for grants and/or misappropriated his trade secrets on the basis of his learning disability. Absent any allegation that defendant GECAC, along with other defendants, engaged in class-based discriminatory conduct, plaintiff's Amended Complaint fails to state a claim upon which relief can be granted under § 1985(3).

For all of the foregoing reasons, plaintiff's Amended Complaint fails to state a cause of action under the Civil Rights Acts. Plaintiff's civil rights claims, therefore, should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

PDF created with pdfFactory trial version www.pdffactory.com

> 2. Plaintiff's Amended Complaint Fails to State a Cause of Action Under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. and the Rehabilitation Act, 42 U.S.C. 29 U.S.C. § 701, *et seq*.

Plaintiff alleges in his Amended Complaint that defendant GECAC committed violations of the ADA and the Rehabilitation Act. Amended Complaint, ¶ 16. Because plaintiff fails to allege that GECAC discriminated against him on the basis of his learning disability or any other disability, his Amended Complaint fails to state a cause of action upon which relief can be granted under either the ADA or the Rehabilitation Act. Accordingly, plaintiff's ADA and Rehabilitation Act claims should be dismissed.

The ADA provides:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity.

42 U.S.C. § 12132.[7] Similarly, § 504 of the Rehabilitation Act provides:

> No otherwise qualified individual with a disability in the United States . . . shall by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

29 U.S.C. 794(a). To state a cause of action under the ADA or § 504, a plaintiff must show that he or she (1) has a disability; (2) is otherwise qualified for the benefit in question; and (3) was excluded from the benefit because of discrimination based solely on his or her disability. *Doe v. Univ. of Md. Medical Sys. Corp.*, 50 F.3d 1261-164-65 (4th Cir. 1995).

---

[7] The ADA also prohibits employers from discriminating against individuals with disabilities. *See* 42 U.S.C. § 12112(a). Plaintiff, however, does not allege that he ever had or sought to enter into an employment relationship with GECAC. Accordingly, this section of the ADA is inapplicable.

-11-

PDF created with pdfFactory trial version www.pdffactory.com

Here, plaintiff claims that the reason he sought help from GECAC in applying for grants is that he suffered from a learning disability. (Amended Complaint, ¶ 8). Nowhere in his Amended Complaint, however, does plaintiff allege that GECAC refused to assist him in applying for the grants on the basis of his learning disability. In deed, plaintiff fails to allege that defendant GECAC denied him any service or excluded him from participation in any program whatsoever. Because plaintiff fails to allege that he was denied the benefits of a service, program or activity provided by defendant GECAC, his Amended Complaint fails to state a cause of action under either the ADA or § 504 of the Rehabilitation Act. Accordingly, plaintiffs ADA and Rehabilitation Act claims should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

B.  PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO PLEAD SUFFICIENT FACTS TO SUPPORT A CLAIM THAT DEFENDANT GECAC MISAPPROPRIATED PLAINTIFF'S TRADE SECRETS.

The gist of plaintiff Harris' Amended Complaint is that defendant GECAC, in the course of assisting him in applying for grants, misappropriated trade secrets regarding his business, which it used to create its own transportation service. For the reasons discussed below, plaintiff's Amended Complaint fails to state a cause of action for trade secret misappropriation and should be dismissed.

As a preliminary matter, it is important to note that a cause of action for trade secret misappropriation arises solely from state law. Thus, should this Court dismiss plaintiff's civil rights claims, pursuant to 28 U.S.C. § 1367(c), it may decline to exercise supplemental

PDF created with pdfFactory trial version www.pdffactory.com

jurisdiction over plaintiff's trade secret claim. *See Growth Horizons, Inc. v. Delaware County*, 983 F.3d 1277, 1284 (3d Cir. 1993).

To make out a *prima facie* claim for trade secret misappropriation under Pennsylvania law, a plaintiff must show (1) the existence of a trade secret; (2) communication of a trade secret pursuant to a confidential relationship; (3) use of the trade secret, in violation of that confidence; and (4) harm to the plaintiff. *Moore v. Kulicke & Soffa Industries, Inc.*, 318 F.3d 561, 566 (3d Cir. 2003) (citing Restate (Second) of Torts § 757 (1965)). Comment b to § 757 of the Restatement defines a trade secret as "any formula, pattern, device or compilation of information which is used in one's business, and gives him an opportunity to obtain an advantage over competition who do not know or use it." Interpreting this definition, courts applying Pennsylvania law have held that the subject matter of a trade secret must be just that; a secret.

> Matters of public knowledge or of general knowledge in an industry cannot be appropriated by one as [a trade] secret. Matters which are completely disclosed by the goods [or services] which are marketed [also] cannot be [a trade] secret. . . . [A] substantial element of secrecy must exist, so that, except by use of improper means, there would be difficulty in acquiring the information.

*National Risk Management, Inc. v. Bramwell*, 819 F.Supp. 417, 430 (E.D.Pa. 1993).

In the instant case, plaintiff alleges that defendant GECAC misappropriated information regarding his proposed transportation business' intended service area and rates. Amended Complaint, ¶¶ 8, 9, 10. Plaintiff, however, concedes in his Amended Complaint that he disclosed this information to GECAC not only for the purpose of obtaining assistance in applying for grants but also for the purpose of servicing GECAC's transportation needs. Amended Complaint, ¶ 8A. In other words, plaintiff sought to secure GECAC as a customer for his new business. Plaintiff also admits that he previously disclosed the information to defendants Erie County Assistance Office and Pennsylvania Career Link Workforce and printed the information

-13-

PDF created with pdfFactory trial version www.pdffactory.com

on advertising brochures. Amended Complaint, ¶ 6; Plaintiff's Exhibit 36. Because plaintiff disclosed the information in the course of marketing his transportation services and not pursuant to a confidential relationship, the information is not subject to protection as a trade secret. *See National Risk Management*, *supra*. Plaintiff has failed to allege sufficient facts in his Amended Complaint to establish a *prima facie* claim for trade secret misappropriation. Accordingly, his Amended Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

V.    Conclusion

For all of the foregoing reasons, defendant GECAC respectfully requests that this Honorable Court dismiss plaintiff Corey Harris' Amended Complaint.

Respectfully submitted,

CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served upon all other parties appearing of record by First-Class United States Mail sent on September 7, 2005.

s/ Matthew W. Fuchs

s/ Matthew W. Fuchs
Matthew W. Fuchs
PA I.D. 89767
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
Phone (814) 870-7612
Fax (814) 454-4647
mfuchs@mijb.com

Attorneys for Defendant
 GECAC

905024/12291.0009

-14-

PDF created with pdfFactory trial version www.pdffactory.com