IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COREY HARRIS, et al,** <br>     **Plaintiffs** <br><br> vs. <br><br> **GREATER ERIE COMMUNITY** <br> **ACTION COMMITTEE, et al.** <br>     **Defendants.** | C.A.No. 04-281 Erie <br> District Judge McLaughlin <br> Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I      RECOMMENDATION**

It is respectfully recommended that:

    1)  the motion to dismiss filed by Defendant Pennsylvania CareerLink [Document # 43] be granted;

    2)  the motion to dismiss filed by Defendant Black & Associates [Document # 45] be granted; and

    3)  the motion to dismiss filed by GECAC [Document # 47] be granted.

It is further recommended that the pending motions to amend [Documents # 40 and 51] be denied as futile.

As this Court declines to exercise supplemental jurisdiction over any state law claims raised within the complaints[1], this action should be dismissed in its entirety.

---

[1] In light of the dismissal of the federal law claims and finding no consideration requiring the retention of Plaintiff's state law claims, this Court, in its discretion and pursuant to 28 U.S.C. § 1367, declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

**II    REPORT**

Plaintiff Corey Harris, a *pro se* litigant, filed the instant action on September 23, 2004.[2] Plaintiff has amended his complaint and has filed two additional motions to amend the complaint.  On February 23, 2006, Plaintiff filed numerous exhibits in support of his complaints.  Plaintiff claims that Defendants violated his civil rights, as well as several federal statutes, including Fair Labor Standards Act, Labor Management Relations, Labor Management Reporting and Disclosure Act, the "Fair Assistant/150% Poverty Level," "Corporation Act", "Unfair Welfare Act," the Rehabilitation Act, and "MultiLevel Marketing."  As Defendants, Plaintiff lists: Greater Erie Community Action Committee ("GECAC") and GECAC Employment Training and Education Division Workforce 2001, Erie County Economic Development and Planning, Erie County Assistance Office, and S.P. Black and Associates.  Presently before this Court are the motions to dismiss filed by Defendants.

    **A.    Standards of Review**

        **1.    *Pro se* litigants**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United

---

[2] Plaintiff Corey Harris lists CH's Service Provider, and "Children Corey Harris Jr., Brooklyn Harris, and Angel Harris" as co-plaintiffs.  Plaintiff is not a lawyer and cannot bring suit on behalf of others.  However, for all the reasons contained herein, claims as alleged by Harris' children and his business also fail to state a claim upon which relief may be granted.

States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### 2. Motion to dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

### 3. Motion for summary judgment

Defendant GECAC has submitted exhibits in support of its motion for summary judgment. Therefore, this Court will convert that motion to dismiss pursuant to Federal Rule of

3

Civil Procedure 12(b)(6) to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir.1998). ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment."); Greer v. Smith, 2003 WL 1090708, *1 (3d Cir. (Pa.) March 10, 2003) ("the District Court considered material outside of the pleadings and, therefore, should have converted the motion for dismissal to a summary judgment motion, allowing the plaintiff an opportunity for appropriate discovery and a reasonable opportunity to present all material made pertinent to the motion.").

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a

genuine issue for trial.  Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment).  The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

  A material fact is a fact whose resolution will affect the outcome of the case under applicable law.  Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986).  Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982).  Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson, 477 U.S. at 247-249.

  **B.** **The Allegations of the Original and Amended Complaints**

  Plaintiff's original and first amended complaints are rambling and prolix and the legal theories upon which he bases his allegations are difficult to discern.  However, the Court has discerned the following.

  Plaintiff alleges that Defendants GECAC and CareerLink in the course of assisting Plaintiff in applying for grant money to operate a transportation business for low-income workers, misappropriated Plaintiff's trade secrets and created a similar transportation service.

Plaintiff alleges that in 2000[3], after presenting his business idea to Defendants Erie County Assistance Office and Pennsylvania Career Link Workforce, he met with representatives of GECAC, who assisted him in applying for grants. Plaintiff complains that GECAC misappropriated information learned while assisting him during the grant application process and created its own transportation service. Document # 33, Amended complaint.

Plaintiff seems to complain that Defendant S.P. Black & Associates (hereafter "Black & Associates") assisted a competitor of Plaintiff in obtaining insurance and quoted him a price for insurance which was prohibitively high. Id. at page 11.

### C.   Motion to dismiss by Defendant GECAC

Defendant GECAC has moved to dismiss or for summary judgment for failure to state a claim upon which relief may be granted.[4]

#### 1.   § 1983

Section 1983 authorizes a person to file a private cause of action against state actors for a deprivation of civil rights protected by a federal statute or the United States Constitution. Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002). Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State..., subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law....

---

[3] None of the Defendants has moved to dismiss based on the time bar of the statute of limitations. As the defense of statute of limitations is an affirmative defense, this Court will not address this issue *sua sponte*. See Fed.R.Civ.P. 8(c).

[4] Defendant GECAC has construed the claims of the original and amended complaint as including claims under § 1981 and § 1985. However, even liberally construing the complaints as we must under Haines v. Kerner and its progeny, see infra, this Court does not construe Plaintiff's allegations as including claims under these sections.

42 U.S.C. § 1983. In order to prevail on a claim under section 1983, a plaintiff must establish 1) the violation of a federally protected constitutional or statutory right 2) by state action or action under color of law. Jordan v. Rox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1264 (3d Cir. 1994) citing 42 U.S.C. § 1983 and Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 156 (1978). "A private action is not converted into one under color of state law merely by some tenuous connection to state action." Groman v. Township of Manalapan, 47 F.3d 628, 638 (1995). The question "is not whether the state was involved in some way in the relevant events, but whether the action taken can be fairly attributed to the state itself." Id.

The Supreme Court has established a number of approaches to this general question of establishing state actorship. Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 296 (2001) (characterizing the approaches as "facts that can bear on the fairness of such an attribution."). These approaches include: 1) the exclusive government function approach, see Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 157-58 (1978); 2) the joint participation or symbiotic relationship approach, see Rendell-Baker v. Kohn, 457 U.S. 830, 842 (1982); and 3) the nexus approach, see Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974). See Groman, 47 F.3d at 639 (summarizing the three approaches).

In the instant action in neither the original nor the first amended complaint has Plaintiff specified what rights he believes he has been deprived of and this Court can think of none which could potentially provide relief for Plaintiff under this set of factual circumstances. See supra for a discussion and analysis of the motions to amend and the proposed bases for relief.

Additionally, Defendant GECAC is not a state actor under any of the tests and so therefore, cannot be held liable for the alleged deprivation of Plaintiff's civil rights. Defendant GECAC has produced the affidavit of Ronald Steele, Chief Executive Officer of GECAC, who testifies that: 1) GECAC is a non-profit corporation 2) which is not a department of any local, state or federal government, and 3) whose operation is conducted by an independent Board of Directors. Document # 47.

As there are no material issues of fact in this regard, the motion for summary judgment should be granted as to Defendant GECAC on any civil rights claim.

### 2. The Americans with Disabilities Act

In the amended complaint, Plaintiff makes allegations under the ADA:

> Section 102 ADA general rule state no government entity receive or receiving government dollars [sic] shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to seeking help for grant application or eany [sic] other procedures of advancement, and other terms of conditions, and privileges of self-employment also under Title ADA VII the defendants et al employment practice or policys [sic] that was the prohibits effect of excluding Plaintiff Corey Harris Sr. as a self employment member violated the protected class in which was not otherwise justifiable, welfare employees working in cooperation with other employers must avoid using facially neutral employment criteria or practices that have a discriminatory effect that have the effect of discrimination on the basis of a disability or that perpetuate the discrimination of others whom are subject to common administrative control. Reading, writting [sic], speech impediment.

Document # 33, Amended Complaint, unnumbered page 17.

Section 102 of the ADA, the section to which Plaintiff refers, prohibits "discriminat[ion] against a qualified individual with a disability because of the disability ... in regard to" a number of actions by an employer. Chevron U.S.A. Inc. v. Echazabal, 536 U.S. 73, 78 (2002) quoting 42 U.S.C. § 12112(a).[5]

Plaintiff has failed to state a claim upon which relief may be granted as he was not an employee of GECAC or any other named defendant. The motion to dismiss should be granted.

### D. Motion to Dismiss by Defendant Career Link

Defendant moves to dismiss the complaint against it because Plaintiff has raised no legal

---

[5] The Rehabilitation Act provides that a qualified disabled person shall not, "solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance..."29 U.S.C. 794(a) (2001). The law developed under the Rehabilitation Act is applicable to Title II of the ADA, see Helen L. v. DiDario, 46 F.3d 325, 330-31 & n. 7 (3d Cir.1995), and Congress has directed that the ADA be interpreted to be consistent with the Rehabilitation Act. Again, Plaintiff fails to state a claim under the Rehabilitation Act as he was not an employee of any Defendant.

theory upon which relief can be granted.  Specifically, Defendant argues that

> Pennsylvania Career Link Workforce is not a legal entity that is subject to suit. Rather, it is a concept endorsed by Pennsylvania that promotes a cooperative effort to provide assistance and career services to job seekers, employers and other interested individuals.  The Erie offering of careerlink is provided and managed by GECAC.  Careerlink itself is not a corporation or other legal entity of any form; it is merely a program.

Document # 44, page 2.

Because this named Defendant is not a legal entity and therefore not a state actor, see also infra, section C.1., Plaintiff cannot sue this Defendant for a civil rights violation. Therefore, the civil rights claim should be dismissed against this Defendant.

Next, Plaintiff alleges that this Defendant violated numerous federal statutes.  However, many of these statutes which Plaintiff names do not exist.  As to the Fair Labor Standards Act and the Labor Management Relations Act (both of which are specifically claimed as to this Defendant), the provisions of these statutes apply only to employer-employee relations.  29 U.S.C. § 201, *et seq.* and 29 U.S.C. § 141, *et seq.*, respectively.  Plaintiff has not alleged that was an employee of this (or any other named) Defendant and therefore, Plaintiff has failed to state a claim upon which relief may be granted.  Accordingly, the motion to dismiss filed by Defendant CareerLink [Document # 43] should be granted.

**E.     Motion to Dismiss by Defendant Black**

Defendant Black moves to dismiss for failure to state a claim.  The allegations against this Defendant are particularly difficult for this Court to decipher.  In the original complaint, Plaintiff alleges that Defendant Black "using 9/11/01 as an excuse, made it impossible for Plaintiff's transportation service, CH Services Provider, to operate 24/7 to and from work transportation to accommodate accessible and affordable transportation to the inner city community."  Document # 2, Original Complaint, ¶ 5.

In the amended Complaint, Plaintiff claims that he sought "commercial coverage insurance" from Defendant Black "whom than [sic] quoted his coverage with the same company

9

of GECAC and stated to Plaintiff, what the defendant quote was for the transport meales [sic] on wheels program. And that they was not moving people to and from work, etc." Document # 33, Amended Complaint, unnumbered page 5. Additionally, Plaintiff alleges:

> S.P. Black Assoc. Inc. was the alleged insurance underwriting angnecy [sic], at the time with carering [sic] policy with American Insurance group from the statement of Defendant "Denise". At the time of my request for insurance, the defendant work together with defendant GECAC because there were an corporation and did not have two [sic] go through the P.U.C. Commission on, its autority [sic] due to thay [sic] were an government enitity, which Plaintiff company requested P.U.C. autority [sic] for its 90 mile radius.
>
> Defendant. "To only invoid insurance cost"
>
> The nature of the relationships between the two alleged infringer company is that, and thrid [sic] party was helping other transportation company needs of service in 2000. Quoteting [sic] from Greensburg PA, were they gave brokage [sic] I.F.O.M. [sic] CH's Service Provider idea and conpets [sic] of its out of town service rates, to Anderson Air Link of Greensburg, PA 15601 whom was also chagering [sic] only $10 at the time to under cute CH's Service Provider rates at $70 round trip service to Pitt, and OH with and 3 hour free delay on call request. Defendants et al are serviceing [sic] CH's Service Provider idea, conpets [sic] of the name of the trade name secrets. "Bayfront Area" Im the ordinary purchaser of the product, which company was recognized as a full service provider with staff of such class. Quality and Safety #1.

Id. at unnumbered page 11.

This Court liberally construes these claims as dissatisfaction with the insurance quote Plaintiff received from Defendant Black and that Defendant Black insured a competitor. This simply does not state a claim upon which relief may be granted. The motion to dismiss [Document # 45] should be granted as to Defendant Black and Associates.

### F.     Securities Exchange Act - Section 10-b-5

Plaintiff makes claims throughout his pleadings that Section 10-b-5 of the Securities Exchange Act has been violated. However, Plaintiff does not specifically address his allegations in this regard toward any particular defendant. Section 10(b) of the Securities Exchange Act prohibits the "use or employ[ment], in connection with the purchase or sale of any security, ⋯ [of] any manipulative or deceptive device or contrivance in contravention of such rules and

10

regulations as the Commission may prescribe." 15 U.S.C. § 78j(b). Rule 10b-5, in turn, makes it illegal "[t]o make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made in the light of the circumstances under which they were made, not misleading ... in connection with the purchase or sale of any security." 17 C.F.R. § 240.10b-5(b).

Plaintiff's bald assertions under the Act fail to state a claim upon which relief may be granted as none of the Defendants named herein deal in securities.

### G. Futility of Amendment

Currently pending are two motions to amend [Documents # 40 and 51] filed by Plaintiff.

Federal Rule of Civil Procedure 15(a) states that "leave [to amend] shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure). An amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted. In re NAHC, Inc. Securities Litigation, 306 F.3d 1314, 1332 (3d Cir. 2002).

The "Motion to amend/correct" [Document # 40] is Plaintiff's attempt to clarify that he seeks to name the Director of each agency as a Defendant in this matter. For all of the reasons explained herein, the motion to amend should be denied as futile.

The "Motion for Leave to File an Amend to Correct Cores" [Document # 51] advances new legal theories including violations of the Fourth, Fifth, and Fourteenth Amendment, as well as the Rehabilitation Act.

#### 1. Fourth and Fifth Amendment

In the motion to amend, Plaintiff alleges:

11

> Plaintiff property rights of the 4th Amendment right of personal unreasonable seizure of property of the 4th and 5th Amendment of Plaintiff dominium of his property as well as Plaintiff domain name www.chsserviceprovider.com: low rates @ velocity.net as domain of transportation service of a 90 mile radius of a territory over which rule or control is exercised also by law public domain the set of all possible values of an independent variable of a function of service such as CH's Service Provider at the above address of company web site, property rights.
>
> * * *
>
> Plaintiff states his 5th Amendment rights was violated by the Defendants et al, by depriving Plaintiff of life, liberty, and property without due process of law, nor shall private property be taken for public use without just compensation.

Document # 51, page 3.

The Fourth Amendment guarantees: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." CONST. AMEND. IV. The "primary [objective] of this amendment is to "safeguard the privacy and security of individuals against arbitrary invasions by governmental officials." Gillard v. Schmidt, 579 F.2d 825, 827 (3d Cir. 1978) quoting Camara v. Municipal Court, 387 U.S. 523, 528 (1967). The Supreme Court explained that this "privacy interest, [is] the right of a citizen to be free in his private affairs from government intrusion." Id. quoting Whalen v. Roe, 429 U.S. 589, 599 n. 24 (1977). Plaintiff's citation to the Fourth Amendment does not state a valid claim upon which relief could be granted in any set of circumstances. Therefore, the motions to amend should be denied as futile as to a Fourth Amendment claim.

The Fifth Amendment contains several clauses. For purposes of this motion and because Plaintiff is a *pro se* litigant, this Court will presume that Plaintiff intends to invoke the Due Process Clause (which provides that a person may not be deprived of life, liberty, or property without due process of law) and the Just Compensation Clause (which provides that no private property "... shall [...] be taken for public use, without just compensation") of the Fifth Amendment. See Chicago, B. & Q.R. Co. v. Chicago, 166 U.S. 226, 239 (1897) (applying the Just Compensation Clause to the states as well as the federal government). Again, the Fifth Amendment is to protect the individual from the government or government agents. See Kelo v.

City of New London, Connecticut, ___ U.S. ___, 126 S.Ct. 24 (2005) (analyzing Fifth Amendment). Therefore, because no Defendant is the government or its agents, Plaintiff cannot state a valid claim upon which relief may be granted. The motions to amend should be denied as futile as to a Fifth Amendment claim.

### 3. Fourteenth Amendment

In the motion to amend, Plaintiff alleges:

> the Defendants violated Plaintiff 14th Amendment rights protected under the fundamental right. [sic] Plaintiff alledge [sic] state programs and state law which substantially burden fundamental rights are also reviewed under the strict (test) see. City of cleburne 473 U.S. at 440 [sic], similar oversight by the courts is due when state laws impinge on personal right protected by the constitution.
>
> Fundamental rights generally refers to those constitutional rights as having value so essential to individual liberty that their infringement warrants strict scrutiny by the Courts such as ADA Americans with Disabilities Act 42 U.S.C. 12101, et seq., and the Rehabilitation Act. Plaintiff state the Defendants et al viotated [sic] his mental ability incapacity anything that disables or puts one at a disadvantage, Fourteenth Amendment it provides all individuals including Plaintiff with Equal Protection under the law no making of special ruel [sic], or give special benefits to members of any one group or religion without reason Fourteenth Amendment freedom from racial mental handicap (ADA) discrimination.

Document # 51, page 4.

The Fourteenth Amendment provides that no person shall be deprived "of life, liberty, or property, without due process of law." CONST. AMEND. XIV. "The Fourteenth Amendment has been a powerful tool in protecting individuals **from state action that infringes upon individual liberties**." Brown v. North Carolina Div. of Motor Vehicles, 987 F.Supp. 451, (E.D.N.C. 1997) (emphasis added). Again, Plaintiff cannot state a valid claim for relief by alleging that these Defendants deprived him of property because these Defendants are not state actors (as explained infra). The motions to amend should be denied as to the Fourteenth Amendment claim.

### III   CONCLUSION

For the foregoing reasons, it is respectfully recommended that:

13

>1) the motion to dismiss filed by Defendant Pennsylvania CareerLink [Document # 43] be granted;
>
>2) the motion to dismiss filed by Defendant Black & Associates [Document # 45] be granted; and
>
>3) the motion to dismiss filed by GECAC [Document # 47] be granted.

It is further recommended that the pending motions to amend [Documents # 40 and 51] be denied as futile.

As this Court declines to exercise supplemental jurisdiction over any state law claims raised within the complaints, this action should be dismissed in its entirety.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

>S/ Susan Paradise Baxter
>SUSAN PARADISE BAXTER
>Chief United States Magistrate Judge

Dated: February 28, 2006