## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-281 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| GREATER ERIE COMMUNITY | ) | |
| ACTION COMMITTEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM ORDER

This case was commenced on September 23, 2004 when the Plaintiff, Corey Harris filed a complaint alleging that Defendants GECAC and CareerLink, in the course of assisting him in applying for grant money to operate a transportation business for low-income workers, misappropriated his trade secrets and created a similar transportation service. [ECF No. 2]. The case was referred to the United States Magistrate Judge for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1) and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

In a report and recommendation dated February 28, 2006, the Magistrate Judge recommended granting the Defendants' motions to dismiss after concluding that Plaintiff failed to state a cause of action for which relief could be granted. [ECF No. 56]. The Magistrate Judge further recommended that the Plaintiff's requests to amend his complaint be denied as futile. *Id*. This Court adopted the report and recommendation by memorandum order dated March 10, 2006 [ECF No. 59] and the case was dismissed. Plaintiff did not appeal this decision.

On January 18, 2012, almost six years after the case was closed, Plaintiff has filed a motion to reopen and/or reinstate his case. [ECF No. 61]. Plaintiff additionally filed two motions requesting that the Court remove and reopen Civil Action No. 10383-2007 from the Court of Common Pleas of Erie County, Pennsylvania, and Superior Court Action No. 220 WDA 2008 from the Superior Court of Pennsylvania. [ECF No. 62] and [ECF No. 64].

1

In support of his motion to reopen and motions for removal, Plaintiff alleges that the "defendant's action" in his state court child support contempt proceedings on December 15, 2004 and December 21, 2007 were undertaken for the purpose of interfering with the litigation of his federal case, as well as his state court cases, and as a result, "this court should grant [his] request[.]"  [ECF No. 61] ¶¶ 1, 10-11; [ECF No. 62] ¶¶ 1, 10-11; [ECF No. 64] ¶¶ 1, 10-11.

Plaintiff's motion to reopen or reinstate his federal case is governed by Fed.R.Civ.P. 60(b), which allows relief from a final judgment or order for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud … misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no long equitable; or (6) any other reason that justifies relief."  Fed.R.Civ.P. 60(b); *Zahl v. Harper*, 403 Fed. Appx. 729, 734 (3rd Cir. 2010). .

We find no basis under any provision of Rule 60(b) to grant Plaintiff the requested relief.  Even if Plaintiff had set forth a colorable claim under Rule 60(b)(1), (2), or (3), his request would be untimely.  *See* Fed.R.Civ.P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time-and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."); *Zahl*, 403 Fed. Appx. at 734.  Similarly, even if Plaintiff had set forth a colorable claim under Rule 60(b)(4), (5) or (6), which he has not, his claim would be untimely given the fact that almost six years has elapsed since the entry of judgment.

We also deny Plaintiff's request to remove and reopen his state court cases.  The right of removal and the procedure for removal is entirely statutory.  *Lewis v. Rego, Co.* 757 F.2d 66, 68 (3rd Cir. 1985).  The removal statute only provides for removal of a civil action by a defendant or defendants. 28 U.S.C. § 1441(a).  "Removal by a plaintiff is not permitted because the plaintiff had the original choice of forum."  *Untracht v. Fikri*, 454 F. Supp. 2d 289, 328 (W.D.Pa. 2006), *aff'd*, 249 Fed. Appx. 268 (3rd Cir. 2007), *cert. denied*, 128 S.Ct. 1666 (2008) (citing cases); *see*

*also Kohan v. Mall at One Group*, 1998 WL 967378 at *1 (E.D.Pa. 1998) ("There is simply no statutory authorization for a plaintiff, the party which chose the state court forum, to remove [his] own action to federal court.").

AND NOW, this 29th day of March, 2012, IT IS HEREBY ORDERED that the motion to reopen and/or for reinstatement [ECF No. 61] is DENIED.  IT IS FURTHER ORDERED that the motions to remove and reopen [ECF No. 62] and [ECF No. 64] are DENIED.

s/ Sean J. McLaughlin<br>United States District Judge

cm:   All parties of record