# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY HARRIS, )<br>)<br>)<br>Plaintiff, )<br>v. )<br>)<br>GREATER ERIE COMMUNITY ACTION )<br>COMMITTEE, *et al.*, )<br>)<br>)<br>Defendants. ) | Civil Action No. 04-281 Erie |

## MEMORANDUM OPINION

**Conti, Chief District Judge**

### I. Introduction

Presently pending before the court is Plaintiff Corey Harris' ("plaintiff") fourth motion to reopen this case. (ECF No. 90.) For the reasons that follow, plaintiff's motion will be denied.

### II. Factual and Procedural Background

Plaintiff commenced the original underlying action on September 23, 2004. (ECF No. 2.) In his complaint, plaintiff alleged that he sought assistance from Defendants GECAC and CareerLink ("defendants") in applying for grant money to operate a transportation business for low-income workers but that the defendants misappropriated his trade secrets and used them to create a similar service. (Id.) Those allegations were dismissed by former Chief Judge Sean J. McLaughlin on March 10, 2006 (ECF No. 59), and plaintiff did not appeal that decision.[1]

On January 18, 2012, almost six years after the case was closed, plaintiff filed his first motion to reopen. (ECF No. 61.) In support of that motion, plaintiff alleged that the defendants

---
[1] Following Judge McLaughlin's resignation, this matter was transferred to the undersigned.

had taken some sort of action during his state court child support contempt proceedings that had interfered with the litigation of this lawsuit. (ECF No. 61.) Judge McLaughlin denied the motion, finding no basis for relief under any provision of Federal Rule of Civil Procedure 60(b). (ECF No. 68.) Plaintiff's subsequent request for reconsideration (ECF No.70) was also denied. (ECF No. 71.)

Plaintiff filed a second motion to reopen on October 31, 2012. (ECF No. 72.) That motion was denied on April 18, 2013. (ECF No. 74.) The court denied a third motion to reopen, filed on September 10, 2013 (ECF No. 75), by text order dated November 5, 2013. The instant motion represents plaintiff's fourth attempt to reopen this case.

### III. Discussion

The court construes plaintiff's motion as a motion to reopen pursuant to Federal Rule of Civil Procedure 60(b). "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances …." Atkinson v. Middlesex Cnty., 610 F. App'x 109, 112 (3d Cir. 2015) (quoting Gonzalez v. Crosby, 545 U.S. 524, 528 (2005)). Those circumstances are: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud … misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no long equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b); Zahl v. Harper, 403 F. App'x 729, 734 (3d Cir. 2010).

Although plaintiff's motion purports to be based upon newly discovered evidence, his allegations are largely incoherent. To the extent that they can be deciphered, plaintiff appears to

be alleging that Judge McLaughlin labored under a judicial conflict of interest because he may own stock in an insurance company that may provide insurance coverage to Uber, a low-cost transportation service. (ECF No. 90 at 2-3.) It is unclear what connection this allegation might have to plaintiff's lawsuit, given that Uber did not come into existence until several years after plaintiff's action was dismissed.[2]

In any event, even if plaintiff could present a colorable claim based on newly discovered evidence, his request would be untimely, as such claims must be brought within one year of the entry of judgment. See Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."); Zahl, 403 F. App'x at 734. Moreover, although claims falling under the "catchall" provision of Rule 60(b)(6) are not subject to a strict one-year limitations period, such claims must still be brought "within a reasonable time," see Fed. R. Civ. P. 60(c)(1), and require a showing of "extraordinary circumstances" justifying the delay. Gonzalez, 545 U.S. at 535. Plaintiff's motion, filed almost ten years after the original complaint was dismissed, cannot be viewed as having been filed within a reasonable time. Zahl, 403 F. App'x at 734 ("[E]ight years is without a doubt not a reasonable time to wait before seeking to reopen a judgment, including under the catch-all subparagraph (6)."); see also, e.g., Salley v. Dragovich, 594 F. App'x 56, 58 (3d Cir. 2014) ("Salley filed his motion on September 20, 2013, more than ten years after the final judgment entered on June 8, 2003, and, despite referring to 'extraordinary circumstances,' fails to offer any explanation for this ten year delay. Accordingly, inasmuch as Salley seeks relief pursuant to Rule 60(b)(6), the motion was not filed 'within a reasonable time.'"); Burgos v. Superior Court of Pennsylvania, 355 F. App'x 585, 587 (3d Cir. 2009) (Rule 60(b) motion filed approximately seven years after district court judgment

---

[2] See https://newsroom.uber.com/ubers-founding (describing Uber's founding in 2009).

was "grossly untimely"); Brandon v. Johnson, No. 00-1656, 2015 WL 5022702, at *1 n. 2 (W.D. Pa. Aug. 24, 2015) ("A period of over 10 years from the entry of the order from which petitioner purportedly seeks relief cannot be deemed reasonable . . ."). Nor has Plaintiff has not made any attempt to demonstrate that "extraordinary circumstances" justified his delay in bringing his motion. See Singer v. Heckler, No. 14-1598, 2016 WL 397468, at *5 (W.D. Pa. Feb. 2, 2016) ("To the extent plaintiff sought relief under the "catch-all" provision of Rule 60(b)(6), he did not make the requisite showing of 'extraordinary circumstances' as would justify relief under that provision.") (citing Elliott v. Grace, No. 15-2984, -- F. App'x --, 2016 WL 211569, at *1 (3d Cir. Jan. 19, 2016)). In short, plaintiff failed to present any colorable basis for this action to be reopened.

### IV. Conclusion

For all of the foregoing reasons, plaintiff's motion to reopen (ECF No. 90) will be DENIED.

By the court:

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge

Dated: February 9, 2016