IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 04-281 Erie |
| | ) |
| GREATER ERIE COMMUNITY ACTION COMMITTEE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Presently pending before the court are: (1) a "catch all" petition to reopen this case pursuant to Rule 60(b)(6) (ECF No. 105); (2) a motion to reopen this case (ECF No. 106); and (3) a motion to disqualify a magistrate judge from ruling on the motions (ECF No. 108)[1], filed by pro se plaintiff Corey Harris ("plaintiff" or "Harris").  Harris has filed numerous previous motions requesting that the case be reopened.

The underlying action was filed on September 23, 2004 (ECF No. 2), and dismissed on March 10, 2006. (ECF No. 59.)  Almost six years later, plaintiff filed his first motion to reopen, alleging that the defendants had taken some sort of action during his state court child support contempt proceedings that had interfered with the litigation of this lawsuit.  (ECF No. 61.) Plaintiff filed a second motion to reopen on October 31, 2012 (ECF No. 72), and a third on September 10, 2013 (ECF No. 75).  Each of those motions was denied.  (ECF No. 68, 71, 74; Text Order Nov. 5, 2013.)

---

1 This motion was docketed by the clerk's office as a brief in support of Harris' other motions.

On September 22, 2014, the court notified Harris that filing repetitious Rule 60(b) motions which reargue prior motions will result in those motions being summarily denied (ECF No. 30).

On September 3, 2015, plaintiff filed his fourth motion to reopen. (ECF No. 90.) That motion, while largely incoherent, appeared to allege that former District Judge Sean J. McLaughlin, to whom this action was originally assigned, had labored under a judicial conflict of interest. (ECF No. 90 at 2-3.) This court denied plaintiff's motion after concluding that his allegations were untimely and he had failed to provide any colorable basis for this action to be reopened. (ECF No. 93 at 3-4.) Plaintiff filed a fifth motion for reconsideration (ECF No. 94), in which he raised the precise same allegations of judicial bias that formed the basis for his fourth motion to reopen. The court denied the motion on May 3, 2016 (ECF No. 99).

On October 25, 2016, the Third Circuit Court of Appeals affirmed this court's decision to not reopen the case. Of particular relevance to the pending motions, the Third Circuit Court of Appeals explained that Harris was not entitled to relief under Rule 60(b)(6) because he: (1) had not shown extraordinary circumstances; and (2) had not acted within a reasonable time because 9 years had expired since the original judgment was entered. (ECF No. 104-2 at 4).

Eight more years have elapsed. There was no additional activity of record after the Third Circuit Court of Appeals' decision until the filing of the pending motions. The motions will be resolved without the necessity of a response from defendants.

After a careful and thorough review of plaintiff's recent filings, the court concludes that relief is not warranted. The Third Circuit Court of Appeals has already determined that Harris is not entitled to relief under Rule 60(b)(6). This court is bound by that decision. *See Hernandez v. Johnson & Johnson Consumer Inc.*, No. CV1915679, 2023 WL 2634496, at *3 (D.N.J. Mar. 24,

2023) (federal district courts are duty-bound to follow precedent set forth by the Third Circuit, the federally recognized circuit in which this court sits).

For the foregoing reasons, plaintiff's "catch all" petition to reopen this case pursuant to Rule 60(b)(6) (ECF No. 105); motion to reopen this case (ECF No. 106); and motion to disqualify a magistrate judge from ruling on the motions (ECF No. 108) will be DENIED.

An appropriate order will be entered.

By the court:

Dated:  July 9, 2024

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge